## ELIZABETH M. OLSON v. LEIF MONSON.

200 N. W. 2d 27.

July 14, 1972—No. 43347.

*P. M. Meehl & Irving J. Wiltrout* and *George Marshall,* for appellant.
*Richard L. Kelly,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Mac-Laughlin, JJ.

PER CURIAM.

This is an action to recover for personal injuries and property damage sustained by plaintiff-respondent in a head-on automobile accident with defendant-appellant's automobile. The accident occurred on January 8, 1969, on Highway No. 14, east of Springfield, Minnesota.

The jury in answer to special verdicts found that defendant was 100-percent negligent; that plaintiff was free from negligence; and that both parties had assumed the risk. The trial court on its own motion set aside the special verdict relative to assumption of risk as having been submitted without proper foundation. It ordered judgment for the plaintiff in the sum of $3,010.60. Defendant on appeal contends that the

submission of the issue of assumption of risk was proper and that the trial court was bound by the special verdict.[1]

Plaintiff, age 59, a widow, teaches at a school located east and south of Springfield. During the morning of January 8, 1969, a strong wind developed and the schoolchildren were sent home. Plaintiff proceeded in her car to her home on the route she used to come to school that morning. There was evidence to indicate that this route was the only one available during the winter months.

Prior to the accident, plaintiff was proceeding in a westerly direction on Highway No. 14, east of Springfield. Visibility was satisfactory except where there were snowbanks along the road. The only sharp conflict in the evidence concerned the exact location of the collision. Plaintiff and others testified the accident happened some 4 to 5 feet west of a snowbank area. The snow was blowing across the highway on the ground. Plaintiff's version was that the accident occurred as she was coming out of the snowbank area. She testified that she first saw defendant's vehicle when it was about four car lengths ahead of her coming toward her. Plaintiff was traveling on her side of the centerline at about 12 miles per hour. Defendant testified that the accident occurred within the snowbank area.

It is not disputed defendant came across the centerline and hit plaintiff's car. Defendant did not at any time prior to the accident see her car. There was credible evidence that defendant was traveling at a speed of 60 to 75 miles per hour prior to reaching the scene of the accident.

A review of the testimony reveals that the court's order was compelled by the evidence. There is no merit in the contention that the court was bound by the jury's verdict on assumption of risk since the evidence did not warrant a submission of that issue.

Affirmed.

---

[1] This action was litigated prior to our decision in Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971).